**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

STEPHEN W., [1]                                        Case No. 2:23-cv-01473

      Plaintiff,

v.                                                                    Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b). The parties have consented to the jurisdiction of the undersigned magistrate judge.  *See* 28 U.S.C. §636(c). For the reasons explained below, the motion is well-taken.

By order and judgment entered September 30, 2024, the District Court reversed the Commissioner's final decision pursuant to sentence four of 42 U.S.C. §405(g).  (Docs. 20, 21) and remanded the case for further administrative action to determine the correct onset date. On remand, a different ALJ issued a fully favorable decision finding the plaintiff disabled as of January 8, 2018. The plaintiff was awarded additional past-due benefits of $89,384.00, of which 25% ($22,346.00) was required by the Social Security Act to be withheld from the past-due benefits for payment of the approved attorney's fees.

On February 19, 2026, Plaintiff's counsel filed the instant motion for fees asking the Court for approval and payment of the $22,346.00 in attorney's fees pursuant to 42

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.  *See* General Order 22-01.

U.S.C. §406(b) for 48.9 hours of attorney legal services expended in the District Court in this civil action.[2]  (Doc. 20).

Plaintiff's motion references and attaches a valid written attorney fee agreement between the plaintiff and plaintiff's counsel, dated May 8, 2024. (Doc. 20). The fee sought before the District Court ($22,346.00) is 25% of the past due benefits paid to the plaintiff by reason of the awarding of additional past-due benefits on remand.  Plaintiff counsel agrees to subsequently refund the plaintiff the $9,500.00 EAJA attorney fee awarded by this court and paid to undersigned counsel.  (Doc. 18).  The Commissioner does not oppose the motion.

In any event, as this Court recently reiterated in a published decision, courts have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap."  *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)).  In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee is "reasonable," including: (1) the *Hayes* test;[3] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. The requested award easily satisfies the *Hayes* test, arguably eliminating any need to review other factors in the case presented.

---

[2] Timesheets for work expended by Roberston H. Wendt, Jr., (*pro hac vice* counsel), Sarah H. Bohr (contract attorney brief writer), and Debra S. Shifrin (local counsel) are attached by Plaintiff's attorney to the 406(b) fee petition.

[3] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, 25% of Plaintiff's ultimate award is $22,346.00. As such, the fee Plaintiff requests falls within the 25% boundary.  Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. In this regard, dividing the $22,346.00 requested by counsel by the 48.9 hours counsel worked on the cases before this Court yields a hypothetical hourly fee of $457.  The hourly rate requested by Plaintiff's counsel is reasonable in light of Plaintiff counsel's favorable results, the skill and experience of counsel, and his effort in the present case. *See, e.g., Lery v. Commissioner of Social Security*, 2019 WL 1856278, at *1 (S.D. Ohio Apr. 25, 2019) (approving the hypothetical hourly rate of $530.22); *Bush v. Commissioner of Social Security* 2019 WL 1300311, at *2 (S.D. Ohio Mar. 21, 2019) (approving hourly rate of $599.00); *Barrett v. Commissioner of Social Security*, 2018 WL 4846263, at *2 (S.D. Ohio Oct. 5, 2018) (approving hourly rate of $656.20).

Having independently reviewed Plaintiff's motion, the undersigned concludes that the motion should be granted in full because the requested fee is within the 25% statutory cap on fee awards for work performed in federal court, and is otherwise reasonable.  *See generally Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that 25% statutory cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."). [4]

Accordingly, **IT IS HEREIN ORDERED THAT**: Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 20) is **GRANTED**. Counsel is awarded a gross fee of $22,346.00, under 42 U.S.C. §406(b) and ordered to refund the plaintiff the

---

[4]The prior EAJA award was paid by the Commissioner.  However, all fees awarded under 42 U.S.C. §406(b) are paid directly by the plaintiff and reduce the total amount of benefits to the disabled individual. Applying an offset rather than requiring a refund serves the dual purpose of balancing the purpose of the EAJA and preserving benefits awarded under the Social Security Act.

$9,500.00 EAJA Attorney fee awarded by this Court and paid to undersigned counsel in this action on receipt of the 406(b) attorney's fees.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge
